# FEIN & JAKAB
*Attorneys and Counselors at Law*
**The Woolworth Building**
**233 Broadway • Suite 930**
**New York, NY 10279**
**(212) 732-9290 Ph**
**(212) 227-6479 Fx**
**pjakab@earthlink.net**

June 9, 2011

**VIA ECF**
The Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 727S
Brooklyn, New York 11201

Re: **KAN Trading Ltd. v. Connoisseur Int'l, et al.**
Case No. 10-cv –4774 (JG)

Dear Judge Gleeson:

    We represent the Plaintiff in the referenced action. We write pursuant to Your Honor's Individual Rule 2A to request a pre-motion conference.

    The proposed motion is one for leave to file an amended and supplemental Complaint. We sought the consent of the Defendants three days ago, but have as yet received no response.

    This is a diversity action. Plaintiff is an importer of fine wines in the Far East. Defendants are an individual and her companies located in Long Island in the business of brokering, storing and shipping fine wine. Plaintiff was Defendants' customer.

    For a short time, business was normal between the parties. However, in early 2010, Plaintiff began placing brokerage orders, and entrusting corresponding funds to Defendants, that went unfulfilled. Defendants kept promising fulfillment in a series of what turned out to be completely fraudulent communications. By September 2010, Defendants were holding over $300,000 in Plaintiff's wine and funds, but had shipped nothing.

    Plaintiff filed this action for replevin and other commercial remedies. Upon filing the Complaint and threatening a motion for interim relief, Defendants released wine to Plaintiff totaling over $200,000 in value. Defendants represented that this was all the wine they had on Plaintiff's account and acknowledged a debt based on funds they had received but had not put toward wine

purchases for Plaintiff.

During discovery, Plaintiff learned that it funds entrusted to Defendants had not been maintained in escrow or even in a segregated account, but rather co-mingled with Defendants' funds and those of its other clients. Plaintiff also learned that the balance of the funds it had entrusted to Defendants were not used to purchase wine, but rather to pay what appear to be Defendant's prior debts and personal purchases.

Accordingly, Plaintiff seeks to supplement its Complaint to reflect the events since its filing, *i.e.*, the recovery of the wine and the resulting reduction in the damages sustained by Plaintiff. Additionally, Plaintiff seeks to amend its Complaint to add claims for breach of fiduciary duty, conversion and fraud.

The Plaintiff thanks the Court in advance for its attention to this request.

                Respectfully,

                /s/

                PETER JAKAB

cc:    Andrew Saulitis, Esq. (via ECF)